# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHAD CERVANTES,

    Plaintiff,

v.                                                     Case No: 8:24-cv-1021-CEH-AAS

MASCHMEYER CONCRETE
COMPANY OF FLORIDA,

    Defendant.
_____

## ORDER

This action comes before the Court on Defendant Maschmeyer Concrete Company of Florida's Motion to Stay. Doc. 11. Plaintiff Chad Cervantes responds in opposition (Doc. 19). Upon review and consideration, the Court will deny the motion.

## BACKGROUND

Plaintiff sues Defendant for several alleged violations of the Family and Medical Leave Act ("FMLA") 28 U.S.C. § 2601, *et seq. See generally* Doc. 1. In addition to the instant lawsuit, Plaintiff has filed a charge of discrimination (against Defendant) with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"). *See* Docs. 5, 11. Plaintiff indicates that, upon the conclusion of the EEOC's investigation, he plans to move to add his ADA claims to this case. Doc. 1 ¶ 14.

Defendant thus seeks a stay of this action while Plaintiff exhausts his administrative remedies for the ADA claims. Doc. 11 at 2–3. It argues that a stay

would be more efficient than litigating both matters at once and could avoid duplicative discovery proceedings and litigation. *Id.*

Plaintiff opposes a stay. *See* Doc. 18. First, he notes that the FMLA, under which the instant lawsuit is brought, permits him to file suit without fulfilling any other administrative prerequisites. *Id.* at 2–3. Further, he argues that his ability to conduct discovery in this case could be critical to resolving the matter and that this interest is not outweighed by the risk of overlap with EEOC proceedings. *Id.* at 3. Considering that the investigation may proceed for an indeterminate length of time for reasons outside of his control, Plaintiff argues that staying this case would only hinder the litigation's progress and prolong this dispute. *Id.*

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes the authority to stay proceedings pending the resolution of a related proceeding in another forum. *Ortega Trujillo v. Conover & Co. Commc'ns,* 221 F.3d 1262, 1264 (11th Cir. 2000).

Plaintiff is right that a court may choose to stay a case pending the resolution of related proceedings in its discretion—but is not required to do so.[1] Here, upon review of the briefing, Defendant does not show that unusual circumstances justify the requested stay, that prejudice or an undue burden will result if the Court does not impose a stay, or that a stay is otherwise necessary in this action. The FMLA indeed

---

[1] Further, Plaintiff is right that *James v. Pro. Cont. Servs., Inc.,* No. CV-422-296, 2023 WL 10365247 (S.D. Ga. Aug. 15, 2023), which Defendant cites for the proposition that trial courts in this Circuit favor a stay in similar scenarios, is distinguishable because the Parties in that matter jointly sought a stay. *Id.* at *1.

2

allows Plaintiff to file suit without fulfilling any administrative prerequisites, and proceeding with the instant lawsuit would not be inefficient or unreasonably prejudicial to Defendant. Therefore, as Defendant has not established adequate grounds for staying the case, the motion will be denied.

Accordingly, it is **ORDERED**:

1. Defendant Maschmeyer Concrete Company of Florida's Motion to Stay (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 26, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record